IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES CALVIN FRAZIER, # 177281, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv65-TMH |
| | ) | (WO) |
| J.C. GILES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* 28 U.S.C. § 2254 petition for habeas corpus relief filed by state inmate James Calvin Frazier ("Frazier"). Frazier contends that the Alabama Department of Corrections ("ADOC") violated his constitutional right to due process by classifying him as a heinous offender without affording him prior notice or an opportunity to be heard. Doc. No. 1 at 5. He further contends that his custody classification was based on erroneous information contained in his prison file relating to his conviction for manslaughter and complains that his eligibility for work release has been negatively impacted as a result.[1]  *Id*. & Doc. No. 14-1 at 7-9.

---

[1] The ADOC previously used the term "heinous" to describe offenders whose crimes are considered to have involved certain aggravating circumstances. However, the ADOC modified that terminology and such offenders are now classified as "restricted" offenders. Inmates with offenses wherein the details are considered significant or aggravated are restricted from consideration for work release or any custody assignment that might afford the offender unsupervised contact with the public. In 2001, Frazier was indicted on the charge of capital murder in Chilton County, Alabama. He pled guilty to the reduced charge of manslaughter and, in December 2002, was sentenced to 20 years in prison. During his incarceration for this offense, correctional officials looked to the facts underlying his manslaughter conviction to classify him as a restricted offender. Doc. No. 6-1 at 6-15.

The respondents answer that, to the extent Frazier challenges his custody classification, and therefore the conditions of his confinement, he presents a claim that is properly asserted in a 42 U.S.C. § 1983 action and not in a habeas corpus petition. Doc. No. 6 at 1-3. The respondents further argue that, in any event, Frazier is entitled to no relief, because he has no liberty interest in his custody classification or in being placed on work release. Doc. No. 6-1 at 2-4. Upon review of Frazier's petition, the pleadings, and the record in this case, it is clear that Frazier is not entitled to relief from this court.

## I. DISCUSSION

The respondents contend that this petition should be dismissed because federal habeas corpus relief is not available to address Frazier's challenge to his custody classification. This court agrees. Because Frazier attacks the conditions of his confinement, rather than the fact or duration of his confinement pursuant to a state judgment, his claim is not cognizable in a habeas action. *See Gomez v. United States*, 899 F.2d 1124, 1126-27 (11th Cir. 1990) (recognizing that the appropriate relief from unconstitutional prison conditions is not release by writ of habeas corpus, but rather discontinuance of the improper practice or correction of the conditions). "The central purpose of the writ of habeas corpus, whether filed under [28 U.S.C.] § 2241 or § 2254, is to provide a remedy to prisoners who are challenging the 'fact or duration' of their physical confinement and are seeking immediate release or an earlier release." *Black v. McDonnell*, No. 2:04cv23-MHT, 2006 WL 1180795, at *1 (M.D. Ala. May 2, 2006) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). State inmate

challenges to the conditions of confinement are more appropriately raised in civil rights actions filed pursuant to 42 U.S.C. § 1983. *See, e.g., Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Even if Frazier's claim were properly brought as a habeas action, it would still lack merit. An inmate confined in the Alabama prison system has no constitutionally protected liberty interest in the procedures affecting custody classification or a change in custody classification, because any resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).[2] *See also Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976), for the proposition that "prison officials have full discretion to control conditions of confinement, including prisoner classification"); *Morales v. Chertoff*, 212 F. App'x 888, 890 (11th Cir. 2006) (citing *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994), for the proposition that "the U.S. Constitution affords no liberty interest in a prisoner's custody classification"); *Parris v. Quattlebaun*, No. 2:06cv303-MEF, 2009 WL 734146, at *5 (M.D. Ala. Mar. 17, 2009); *West v. Giles*, No. 2:02cv1386, 2005 WL 1389877, at *8 (M.D. Ala. Jun. 9, 2005). Because

---

[2] In *Sandin*, the United States Supreme Court abandoned its former methodology for determining the existence of a liberty interest. Under such previous case law, a federal court ascertained whether a state created a constitutionally protected liberty interest by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion." 515 U.S. at 480. The *Sandin* Court held, however, that federal courts must instead look to the nature of the restraint imposed, rather than statutory or regulatory language, to determine if a state created a liberty interest. *Id.* at 484.

Frazier has no constitutionally protected interest in the level of his custody classification, correctional officials could assign him to any classification level without affording him due process protections (such as prior notice or the opportunity to be heard).

For the same reason, no constitutional issues are implicated by correctional officials' alleged reliance on erroneous information (about the facts of Frazier's manslaughter conviction) in Frazier's prison file to classify him as a restricted offender. *See West*, 2005 WL 1389877, at *8 (because an Alabama inmate has no constitutional right to a specific custody classification, "correctional officials may change his classification for a good reason, a bad reason, or no reason at all"). In any event, Frazier fails to demonstrate that correctional officials indeed relied on erroneous information about the facts of his manslaughter conviction to classify him as a restricted offender. Frazier pled guilty and did not appeal his conviction. No transcript of the guilty plea proceeding was generated. It appears that, under the circumstances, correctional officials referred to details from an incident report of the investigating officer, set forth in Frazier's presentence report, in determining that Frazier stabbed the victim "numerous times" after breaking into a residence where the victim was visiting and thus committed an offense warranting his classification as a restricted offender.[3] Doc. No. 6-1 at 6-9. Frazier objects to correctional officials' failure to rely on a doctor's report or autopsy report in determining how many times the victim was stabbed. Doc. No.

---

[3] ADOC policy provides that an inmate whose offense involved "Killing with Aggravated Circumstances/Overkill," including "stabbing a victim multiple times (three or more)," is to be classified as a restricted offender. Doc. No. 6-1 at 10-11.

17 at 4. However, he presents nothing to suggest that a doctor's report or autopsy report would have contained facts indicating that he did not stab the victim numerous times. The respondents do not admit that correctional officials relied on erroneous information in determining Frazier's custody classification. Frazier's mere claim that correctional officials relied on erroneous information, without evidence of its falsity, provides no basis for relief. *See Slocum v. Georgia State Bd. of Pardons & Paroles*, 678 F.2d 940 (11th Cir. 1982).

Finally, the law is also well settled that an inmate in the Alabama prison system has no state created liberty interest that entitles him to work release, *Francis v. Fox*, 838 F.2d 1147, 1149 (11th Cir. 1988), nor does the Due Process Clause itself create a constitutionally protected interest in work release. *Kitchen v. Upshaw*, 286 F.3d 179, 188 (4th Cir. 2002) (inmate denied permission to participate in work release has no constitutionally protected interest in work release because "it is clear that being denied permission to leave jail in order to work is nothing more than an ordinary experience of inmates."); *Codd v. Brown*, 949 F.2d 879 (6th Cir. 1991) (prisoners have no inherent due process interest in work release).

Based on the foregoing, the undersigned concludes that Frazier is not entitled to habeas relief on the claims contained in his petition.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Frazier be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before **December 16, 2011**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 2nd day of December, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE